## Rankin v. Sano

*Martin N. Ghen,* for plaintiff.
*Robert J. Goeringer,* for defendant Patrick Sano.
*Brad M. Jackman,* for defendant Pennsdale Farms, Inc.

McANDREWS, *J.,* March 7, 1994—This opinion is written in response to a notice of appeal to the Superior Court from this court's judgment reversing the sheriff's determination of the ownership of several race horses. The court found that title of certain of the horses rests not with appellant Pennsdale Farms, Inc., a third party claimant, but with defendant Patrick Sano. In addition, the court awarded costs and attorney's fees to plaintiff J.C. Rankin in the amount of $500.

This case was called to trial without a jury on November 29, 1993. At issue were plaintiff's objections to the sheriff's determination that certain race horses were the property of appellant, Pennsdale Farms, Inc. Neither defendant Sano nor a representative of Pennsdale Farms, Inc. nor their attorney appeared. The court conducted a trial in their absence pursuant to Pa.R.C.P. 218. Based upon the evidence presented, this court reversed the sheriff's determination, and entered a finding that title to the horses rests with defendant Sano. Appellant filed the notice of appeal to the Superior Court on December 23, 1993.

The court required, and appellant furnished, a statement of the matters complained of pursuant to Pa.R.A.P. 1925(b). Appellant assigned the following reasons:

"The merits of such determination must be submitted for compulsory arbitration, pursuant to the Judicial Code of Pennsylvania, the Bucks County Rules of Civil Procedure, and the Pennsylvania Rules of Civil Procedure.

Compulsory arbitration is non-waivable by the parties, and the praecipe for trial before a judge should have been struck by the court administrator of Bucks County.

The Honorable R. Barry McAndrews and the other members of the bench of Bucks County lacked jurisdiction of the subject matter of the controversy."

In a subsequent brief, appellant cited section 7361 of the Judicial Code, 42 Pa.C.S. §7361, and Bucks County Rule of Civil Procedure 1301 for the proposition that this matter is subject to compulsory arbitration. Section 7361 reads in pertinent part as follows:

"Section 7361. *Compulsory arbitration*

"(a) General rule.—[W]hen prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court." 42 Pa.C.S. §7361.

Rule 1301 reads in pertinent part as follows:

"Rule 1301. *Cases for submission.*

"(a) All cases which are now or later at issue when the amount in controversy on each cause of action stated therein ... shall be $50,000 or less,... shall be submitted to and heard and decided by a board of arbitrators...." B.R.C.P. 1301(a).

There is no dispute that the amount in controversy in this matter is less than $50,000. There is also no

dispute that appellant neglected to pursue its right to arbitration prior to the trial of this matter. An omnibus trial praecipe was filed by the plaintiff on October 19, 1993, to which appellant made no objection. A notice dated October 29, 1993, was mailed to all counsel by the Bucks County court administrator's office, listing the scheduled trial date as November 29, 1993. Appellant still did not raise an objection to the trial of this matter.

While this case was a matter that could have been submitted to arbitration, appellant does not cite and research has not yielded any authority for the proposition that compulsory arbitration is non-waivable. Appellant also fails to provide any authority for the contention that a statutory provision for compulsory arbitration renders a court without jurisdiction in the matter, and research has not disclosed any cases supportive of that position.

Appellant chose not to appear at the trial at its own risk. As a result, we must conclude that appellant waived its right to compulsory arbitration, and that this court was within its jurisdiction in ruling on the matter before it at trial.